```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                            |   |                                      |
|----------------------------|---|--------------------------------------|
| UNITED STATES OF AMERICA   | ) |                                      |
|                            | ) |                                      |
| v.                         | ) | Criminal Action No. 13-40019-TSH     |
|                            | ) |                                      |
| ERIC W. SLIWA              | ) |                                      |

MEMORANDUM AND ORDER ON MOTION TO COMPEL

June 3, 2014

SOROKIN, C.M.J.

Defendant Eric Sliwa has filed a Motion to Compel the government to produce information sought in certain discovery requests. Doc. No. 62. The United States has opposed the Motion. Doc. No. 76. For the reasons set forth below, Defendant's Motion is ALLOWED IN PART and DENIED IN PART.

Requests 1, 2, and 6

These requests seek the identities of the several confidential witnesses in this case, unredacted copies of the criminal record of each witness, and specific information regarding a pending criminal charge against one of the confidential witnesses. The government concedes it must disclose all the information sought;[1] the parties dispute only the timing of the disclosure— Defendant seeks discovery now, while the government proposes either (1) immediate disclosure on an attorney-only basis or, in the alternative, (2) disclosure thirty days prior to trial. In support

---

[1] The government explains that this "concession is based on the fact that each of the confidential witnesses is a witness to the drug distribution related and/or money laundering related activities of Sliwa." Doc. No. 76 at 5. The Court also assumes that the confidential witnesses are anticipated trial witnesses, as the government refers to them as "confidential witnesses" rather than "confidential informants."

of delayed disclosure—the information sought is otherwise producible now under the Local Rules, but for the fact that the government filed declination letters—the government asserts delayed disclosure protects the "safety of the cooperating witness and their respective families." Doc. No. 76 at 6. The government also invokes Roviaro v. United States, 353 U.S. 53 (1957).[2]

When declining to make disclosures otherwise required under the Local Rules, the burden is on the party declining disclosure to demonstrate why the information should not be disclosed. D. Mass. L.R. 116.6(a). On the record before the Court, the government's reasons are insufficient. There is no evidence submitted to the Court tending to show either a safety risk or an obstruction of justice risk. See United States v. Peña, 17 F. Supp. 2d 33, 37 (D. Mass. 1998). There is the consideration that a grand jury indicted Defendant for lengthy participation in a substantial marijuana conspiracy. The Indictment, however, contains no allegations of violence. There are no such allegations before the Court in the instant motion (nor does the Court recall such allegations being raised in the detention hearing), and the conspiracy, by the government's own allegations, ended about two years ago. Moreover, Defendant's interests in learning the identity of the confidential witnesses are substantial. The Indictment charges conduct spanning from 2001 to 2012, with the relevant knowledge of some of the confidential witnesses ending in 2007. The evidence appears to consist of historical recitations from confidential witnesses supplemented or corroborated by third-party documents, such as credit card receipts and other similar evidence. In these circumstances, the need for investigation of this material evidence by the defense is substantial. Accordingly, the Motion is ALLOWED; the government shall comply with the three requests on or before June 20, 2014, subject to the following limitations: (1)

---

[2] Under Roviaro, the burden is on the defendant to show "that disclosure is necessary in raising his defense." United States v. Cartagena, 593 F.3d 104, 113 (1st Cir. 2010). To the extent that the government is invoking this privilege in support of their effort to delay disclosure, Defendant has satisfied his burden, largely for the reasons set forth in this memorandum. Specifically significant is the fact that the cooperating witnesses are alleged to have been active participants in the charged conduct, along with the historical context of the case.

2

Defendant, as distinct from defense counsel, shall not directly or indirectly contact any of the cooperating witnesses, and (2) the defense shall use the disclosed information only in defense of the Indictment.

Request 4

Sliwa seeks all "reports and notes" of interviews of co-conspirators CW1 and CW2 that were included in Agent Formica's affidavit or detention hearing testimony. As to the notes, the government has declined to produce them. The government shall review all such notes for exculpatory material and shall produce any such exculpatory material on or before June 20, 2014. Regarding the reports, for the reasons stated regarding Requests 1, 2 & 6, the request is ALLOWED.

Request 5

In this request, Sliwa seeks information discussed briefly in paragraph 23 of Formica's Affidavit in support of a search warrant. The information sought concerns the reliability of information from CW2, not information supporting probable cause or relating to Sliwa. As Sliwa has not established a basis for Franks discovery at this point, this portion of the Motion is DENIED WITHOUT PREJUDICE.

Request 17

Sliwa requests, as exculpatory, all materials concerning his involvement in gemology courses, day trading, and/or the purchase of gold, including the relevant grand jury transcripts of five witnesses. The government has provided a summary of the five witnesses' testimony and contends that such summary suffices, especially when the grand jury transcripts will follow twenty-one days before trial. In this respect, the Motion is DENIED WITHOUT PREJUDICE to

3

renewal before the District Judge presiding over the trial, as it is primarily a dispute over the timing of disclosure of grand jury transcripts.

Request 18

Sliwa's request that the Court order the government to produce a list of trial exhibits is DENIED WITHOUT PREJUDICE, as the government has made all of the documents available. Counsel are encouraged (but not required) to identify, in a non-binding manner, possible or likely trial exhibits. Under Federal Rule of Criminal Procedure 12(b)(4)(B), however, the government must indicate (when requested, as occurred here) its "intent to use (in its evidence-in-chief at trial) any evidence" that Defendant may be able to discover under Rule 16. Fed. R. Crim. P. 12(b)(4)(B). Accordingly, as to the evidence described by the rule, the Motion is ALLOWED; the government shall identify, on or before June 20, 2014, its intent to use such evidence so that Sliwa may decide whether to file a motion to suppress.

Request 20

In light of the Court's ruling on Requests 1, 2, and 6, counsel advise that the government will produce reports related to Sliwa from a Vermont DEA investigation and that the resolution of the earlier requests resolves this request as well.

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge