UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| ERIC SLIWA | ) | Criminal No. 13 CR: 40019-TSH |
| | ) | |
| Defendant | ) | |
| | ) | |

**FINDINGS AND ORDER ON DEFENDANT'S MOTION FOR FRANKS HEARING AND TO SUPPRESS EVIDENCE**

**June 10, 2015**

## Introduction

The Defendant Eric Sliwa has moved to suppress from the introduction into evidence against him at trial, evidence seized pursuant to five search and seizure warrants issued on June 22, 2012. He assigns as reason for the suppression that the evidence was seized in violation of his right against unreasonable searches and seizures under the Fourth Amendment of the United States Constitution. Alternatively he seeks a hearing to challenge the truthfulness of statements made in the affidavit in support of the application for the search warrant. He alleges that the statements were knowingly and intentionally false or were made with reckless disregard for their truth. He argues that the false statements were material to the finding of probable cause by the issuing magistrate. For the reasons set forth below that motion is denied.

## Background

On June 22, 2012 Chief Magistrate Judge Leo T. Sorokin signed warrants authorizing the search and seizure of evidence from the defendant's home in Berlin, Massachusetts, and from safe deposits boxes from banks in Worcester and Leominster Massachusetts. In addition, Judge Sorokin authorized the seizures of a 2008 Ducati motorcycle, and a 2007 Ford Pickup Truck.

On August 28, 2013 the defendant was charged in a thirty-four count indictment with Conspiring to Distribute Marijuana (Count # 1); Concealment Money Laundering (Counts #2 thru 22); Transactional Money Laundering (Counts # 23 Thru 30); Filing False Tax Returns (Counts # 31 thru 33); and Obstruction of Internal Revenue Laws for the Filing of False Tax Returns (Count #34).

## Standard of Review and Burden of Proof

"A warrant application must demonstrate probable cause to believe that (1) a crime has been committed … and (2) enumerated evidence of the offense will be found at the place to be searched." *United States v. Ribeiro*, 397 F.3d 43, 48 (1st Cir. 2005) citing *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir.1999). When a defendant challenges the legality of a search warrant, that defendant must show by a preponderance of the evidence that the warrant was unlawful. *United States. v. Legault*, 323 F. Supp. 2d 217, 220 (D. Mass. 2004). A reviewing court determines whether, based on a practical, common-sense assessment of all the facts and circumstances set forth in the affidavit, the magistrate had a substantial basis for concluding that there was probable cause to issue the warrant. *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In so doing, the court accords considerable deference to the magistrate's finding of probable cause. *Feliz*, 182 F.3d at 86.

A court ordinarily limits its inquiry to the four corners of the supporting affidavit, which is afforded a presumption of validity. *United States v. Tanguay*, No. 14–1174, 2015 WL 2445764, at *8 (1st Cir. May 22, 2015) (four corners); *United States v. Tzannos*, 460 F.3d 128, 136 (1st Cir. 2006) (presumption of validity); *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (same). However, if a defendant makes a substantial showing that the affiant (1) knowingly, or with reckless disregard for the truth (2) included a false statement in the warrant affidavit (3) that was necessary for the finding of probable cause, then the defendant is entitled to an evidentiary hearing to test the validity of the affidavit. *Tanguay*, 2015 WL 2445764 at *3; *Franks*, 438 U.S. at 155-56. Material omissions from an affidavit may also provide a basis for a hearing if those omissions were intentional or reckless and the inclusion of the omitted information would preclude a finding of probable cause. *Tanguay*, 2015 WL 2445764 at *3; *United States v. Castillo*, 287 F.3d 21, 25 (1st Cir. 2002). The burden is on the defendant to make these showings by a preponderance of the evidence, and to demonstrate that setting aside the false information (or including the omitted information) would render the affidavit incapable of supporting probable cause. *Tzannos*, 460 F.3d at 136; *Franks*, 438 U.S. at 156. The defendant may only put the truthfulness of the affiant at issue, and may not challenge the truthfulness of a tipster or any other private informant. *United States v. D'Andrea*, 648 F.3d 1, 13 (1st Cir. 2011).

## Discussion

Sliwa argues that IRS agent James Formica made false statements knowingly, intentionally, or with reckless disregard for their truth in his omnibus affidavit in support of the application for the five search and seizure warrants. Specifically, he argues that Formica made no effort to insure that confidential witnesses # 1 and # 2 ("CW" 1) and ("CW" 2) were reliable.

Agent Formica represented that CW 1 claimed that Sliwa had been identified in a February, 2008 investigation conducted by the Burlington, Vermont office of the Drug Enforcement Agency. CW 1 also said that he was involved in marijuana transactions with Sliwa and a Canadian supplier, "until just prior to CW 1's arrest, in July of 2007." CW 1 also claims to have obtained marijuana from Sliwa's Princeton, Massachusetts home on 10 to 20 occasions prior to CW 1's arrest and that an unidentified associate of his had helped "establish a straw business for Sliwa to send monies out of the United States." As for CW2, he was arrested on drug charges in New Jersey, and subsequently became an informant for the government. He provided details of a marijuana-distribution conspiracy with Sliwa during a period in the early 2000's.

Sliwa posits that the affidavit is deliberately misleading because Formica never spoke to CW 1 or that any agent who interviewed him found him credible. Sliwa suggests that Formica recited CW 1's information wholesale from his February 1, 2008 DEA proffer report. Sliwa argues that Formica should have disclosed that he had never spoken to CW 1, and that Formica did not have any information as to whether this historical information was ever reliable. Sliwa further argues that Formica made uncorroborated statements regarding CW2's reliability, that Formica overstated his familiarity with CW2, and that greater investigation would have cast a pall over CW2's statements. Finally, he argues that CW2's information was stale. Sliwa suggests that these omissions and inclusions reflect a reckless disregard for the truth.

"To prove reckless disregard for the truth, the defendant must prove that the affiant in fact entertained serious doubts as to the truth of the allegations. Recklessness may be inferred from circumstances evincing obvious reasons to doubt the veracity of the allegations." *United States v. Ranney*, 298 F.3d 74, 78 (1st Cir. 2002) (quoting *United States v. Williams*, 737 F.2d

594, 602 (7th Cir. 1984)) (internal citations and quotation marks omitted). "Negligent omissions—even negligent omissions of highly probative information—do not satisfy this strict standard." *Tanguay*, 2015 WL 2445764 at *4 (internal citations and quotation marks omitted). Sliwa does not suggest why Formica had reason to doubt the veracity of CW1's proffer, other than to suggest that Formica should have been skeptical of any information he did not obtain first hand or thoroughly investigate. While certainly not "best practices," it is not reckless. compare *Id.* at *2 (where affiant knew of reasons why witness testimony may have been unreliable).

Regarding CW 2, Sliwa argues that "[t]here were several instances where the government could have easily corroborated CW2's statements that were later proven to be false." However, "failure to investigate fully is not evidence of an affiant's reckless disregard for the truth." *Ranney*, 298 F.3d at 78 (quoting *United States v. Dale*, 991 F.2d 819, 844 (D.C. Cir. 1993)). The First Circuit recently held that an officer has a "duty of further inquiry" when the officer has "knowledge of an obvious and unexplored reason to doubt the truthfulness of the allegations." *Tanguay*, 2015 WL 2445764 at *8. In *Tanguay* the officer "had some reason to doubt the veracity of her informant." *Id.* She had knowledge of the informant's prior conviction for a crime of dishonesty, as well as a brother officer's opinion that the informant was "'quirky,' 'troubled,' and possibly afflicted by some degree of mental instability." Sliwa points to no comparable reason why Formica should have had reason to doubt his informant – he merely suggests that further inquiry may have called into question some of CW2's assertions. Effectively, this puts the informant's truthfulness at issue instead of truthfulness of the affiant. *D'Andrea*, 648 F.3d at 13. Again, while this may not have been a model inquiry, it does not rise to the higher level of a reckless disregard for the truth.

Further, even if Formica had excluded the CW's information as Sliwa urges, the affidavit supports probable cause. Sliwa's claimed income for 2008, 2009, and 2010 was $60,000.00. Despite this, the affidavit details a lavish lifestyle. For example, in 2008 and 2009, the defendant participated in a road rally that required a $40,000.00 entry fee which would have consumed two thirds of his pre-tax income. In June of 2009 he purchased a condominium in Killington, Vermont for $280,000.00 by making an $80,000.00 down payment from his personal checking account and taking out a $210,000.00 mortgage, payable in 5 years. Mr. Sliwa also purchased a home in Berlin, Massachusetts for $650,000.00. He paid for this home by taking out a three year mortgage in the amount of $123,400 and a fifteen year mortgage in the amount of $400,000. His yearly mortgage payments were $25,500.00 greater than his declared yearly income. The affidavit clearly establishes that Mr. Sliwa's financial obligations are inconsistent with a individual declaring $60, 000.00 annual income tax return. The affidavit also details a complex series of monetary transactions between Mr. Sliwa's personal account, business account, and a stock trading account at E-trade. The affiant ascribes the use of investment accounts such as E-trade as a common practice used "to provide a layer of legitimacy in an attempt to conceal or disguise the source of funds". (Formica affidavit, paragraph 76).

Sliwa argues that he may have had sources of wealth beyond declared income, and legitimate reasons for using E-trade as he did. Even if Formica had included the qualifications to the confidential witness statements that Sliwa suggests, a magistrate, making a practical, common-sense assessment of all of the information and circumstances surrounding the affidavit could easily find probable cause to believe that Sliwa was engaged in tax crimes and money laundering, and that records of his criminal activity would be found in the places to be searched.

Sliwa's demonstrations of a life style beyond his income begs the question of the source of his wealth.

Finally, Sliwa's suggestion that the affidavit was stale fails because the warrant sought business records, and because several of the alleged activities were long-term or ongoing. The timeliness and endurance of sought-after information depends on several factors, including the nature of the information, the nature and characteristics of the alleged criminal activity, the nature of the place to be searched, and the nature of the items delineated in the warrant. *United States v. Schaefer*, 87 F.3d 562, 568 (1st Cir. 1996). Where, as here, the warrant sought business records, the information is timely because "[b]usiness records, as a class, are repositories of historical facts and, therefore, are largely immune from claims of staleness." *United States v. Floyd*, 740 F.3d 22, 34 (1st Cir. 2014) (citations omitted). The nature of Sliwa's alleged activity argues against Staleness as well: Tax evasion, money laundering, and drug conspiracies "tend to be ongoing operations, rendering timely information that might, in other contexts, be regarded as stale." *Schaefer*, 87 F.3d at 568.

For the above reasons, the defendant's motion is denied.

s/*Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE